**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **AUSENCIO MARTINEZ,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-CV-3332-B** |
| | ) | |
| **LORIE DAVIS, Director, TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He

challenges Respondent's decision to deny him release on parole.

Petitioner is currently incarcerated pursuant to a judgment and sentence from the 204th

Judicial District Court of Dallas County, Texas.  *State of Texas v. Ausencio Martinez*, No. F-

0349192-HQ (204th Jud. Dist. Ct., Dallas County, Tex., Apr. 16, 2004).  Petitioner pled guilty to

possession of a controlled substance, cocaine, with intent to deliver.  Pursuant to a plea

agreement, Petitioner was sentenced to fifteen years in prison.

In this petition, Petitioner does not challenge his conviction or sentence.  Instead he

challenges the Board of Pardons and Paroles' ("Board") decision to deny him release to parole.

Petitioner argues:

1.     The Board violated his equal protection rights by denying him parole because he is a Mexican National;

2.     The Board's stated reasons for denying him parole do not reflect the facts or the truth, and he was actually denied parole because he is a Mexican National;

3.     Mexican Nationals are unlawfully denied attorney assistance at revocation hearings and parole interviews; and

4.     The Board violated his equal protection rights by denying him release to an Intermediate Sanction Facility ("ISF") after his revocation.

On December 16, 2015, Respondent filed her answer.  On January 5, 2016, Petitioner filed a reply, and on October 3, 2016, he filed a supplemental brief.  The Court now finds the petition should be denied.

## II.  Discussion

**1.**     **Standard of review**

Additionally, Petitioner's claims are without merit.  The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

     (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

     (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id.*

## 2.      Parole

Petitioner claims he was denied parole because he is a Mexican National and that the Board's stated reasons for denial of his parole do not reflect the facts or the truth.

The record shows that after Petitioner pled guilty in this case, he was eventually paroled and removed to Mexico.  (Pet. Mem. at 2-3.)  He later unlawfully re-entered the United States and on March 3, 2012, was convicted of driving while intoxicated.  *Id.*  His parole in the instant case was then revoked.  *Id.*

In 2012, 2014, and 2015, the Board denied Petitioner release on parole finding: (1) the record indicates the inmate has repeatedly committed criminal episodes . . . ; (2) the record indicates excessive drug or alcohol involvement which includes possession, use or delivery in the instant offense or criminal history; and (3) the record includes an unsuccessful period of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia revocations.  Additionally, in 2012 the Board also determined that Petitioner returned to the United States after deportation.  (*Ex parte Martinez*,

No. 80,573-03 at 35-37.)

Petitioner has failed to show that the Board's reasons for denying parole do not reflect the facts or the truth.  Petitioner has repeatedly committed criminal episodes, including possession of cocaine with intent to deliver, unlawful re-entry after removal, and driving while intoxicated. Petitioner has also been convicted of drug and alcohol offenses, he did not successfully complete his previous parole, and he unlawfully re-entered the United States.  Finally, Petitioner has submitted only his conclusory allegations that he was denied parole because he is a Mexican National.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Moreover, because Petitioner does not have a liberty interest in parole or a constitutional expectancy of early release on parole, *see Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir.1997) (no liberty interest in parole in Texas); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (no right to be released on parole in Texas), he fails to raise a constitutional violation regarding his parole claims.  *See* 28 U.S.C. § 2254(a) (the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States.").  Petitioner's claims should be denied.

**3.      Assistance of Counsel**

Petitioner claims that because he is a Mexican National, he was unlawfully denied attorney assistance at his revocation hearing and parole interviews.

The Constitution does not provide an absolute right to counsel at a parole revocation hearing, although due process may require that an attorney be appointed in a particular case.  *See Gagnon v. Scarpelli,* 411 U.S. 778, 787-90 (1973). The decision to appoint counsel "must be

made on a case-by-case basis in the exercise of a sound discretion" by the presiding parole

official. *Id.* at 790.

In Petitioner's case, he submits no evidence that he was denied counsel at his revocation

hearing because he is a Mexican National.  He also does not dispute that he violated his parole by

illegally re-entering the United States and by committing the additional offense of driving while

intoxicated.  His claims are also not complex.  Petitioner's claims should be denied.

**4.      Intermediate Transfer Facility**

Petitioner argues that Mexican Nationals are denied detention in Intermediate Sanction

Facilities ("ISF") after revocation, and are instead sent back to prison.  An ISF facility is defined

as a fully-secured facility used for short-term incarceration of offenders who violate the

conditions of their community supervision, parole, or mandatory supervision.  *See Thomas v.*

*Johnson*, 2001 WL 169590, at *1 (N.D. Tex. Jan. 16, 2001).

Even assuming petitioner was eligible for placement in an ISF, he has failed to show he

was denied placement in an ISF because he was a Mexican National.  Petitioner had no

constitutional right to placement in an ISF as a temporary confinement sanction after a finding

that he had violated the conditions of his parole.  *See Meachum v. Fano,* 427 U.S. 215, 224

(1976) (no due process rights arise in respect to a state's choice of incarceration facility, even

though "the degree of confinement in one prison may be quite different from that in another.").

There is no liberty interest in placement in a less restrictive facility.  *See Smith v. Cockrell,* 57

Fed. Appx. 210 (5th Cir. 2003) (no due process constitutional concerns were raised when the

state failed to give petitioner notice of evidence it sought to use to deny him post-revocation

incarceration at an ISF).  Petitioner's conclusory claims are without merit and should be denied.

**5.**      **Summary**

The state courts' decision to deny relief is not contrary to or does not involve an

unreasonable application of clearly established federal law and is not based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceedings.

**III.  Recommendation**

The Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254 be denied.

Signed this 17th  day of November, 2016.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).